# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

|  |  |
|---|---|
| DRAYTON D. BERKLEY d/b/a BERKLEY LAW FIRM, PLLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 17-2909 ) |
| JOSEPH WILLIAMS, | ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Joseph Williams's September 28, 2018 Motion to Vacate and Set Aside Clerk's Entry of Default Judgment (the "Motion"). (ECF No. 19.) Plaintiff Drayton D. Berkley filed a response on October 10, 2018. (ECF No. 20.) Plaintiff filed a corrected response containing additional exhibits on October 11, 2018. (ECF No. 21.) Defendant replied on October 12, 2018. (ECF No. 24.)

For the following reasons, Defendant's Motion is GRANTED. The default judgment is VACATED, and the entry of default is SET ASIDE. Plaintiff may serve process on Defendant's attorney within fourteen days of the entry of this Order.

## I. Background

On December 16, 2017, Plaintiff filed a Complaint against Defendant. (ECF No. 1.) Plaintiff asserts Tennessee state law claims for breach of contract, unjust enrichment, and quantum meruit. (See id. ¶¶ 6–7.) Plaintiff alleges that Defendant has failed to pay for legal services that Plaintiff performed on Defendant's behalf. (See id. ¶¶ 1-5.)

The Clerk issued a summons for Defendant on December 18, 2017. (ECF No. 6.) The Court granted two extensions to serve Defendant. (ECF Nos. 8, 10.) The summons was returned unexecuted on July 13, 2018. (ECF No. 11.) In a report attached to the returned summons, an official from the Tarrant County, Texas Constable's office stated that he attempted to serve Defendant at "multiple locations," but that "[Defendant] is avoiding service." (ECF No. 11-1 at 33.) The summons was reissued on July 20, 2018, and was returned executed on August 22, 2018. (ECF No. 12, 13.) In the Proof of Service attached to the return, the process server stated that she had served Defendant by leaving the summons with a resident of suitable age and discretion at his home in Texas. (See ECF No. 13 at 37.) Defendant denies the process server's account. (See ECF No. 19 at 51.)

On September 9, 2018, Plaintiff filed a motion for entry of default. (ECF No. 14.) The Clerk entered default against Defendant on September 10, 2018. (ECF No. 15.)

On September 13, 2018, Plaintiff filed a motion for default judgment against Defendant. (ECF No. 16.) The Clerk entered a default judgment against Defendant on September 18, 2018. (ECF No. 17.)

Defendant filed the Motion on September 28, 2018. (ECF No. 19.)

**II. Jurisdiction**

The Court has diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff is a resident and citizen of Shelby County, Tennessee. (See Compl., ECF No. 1 ¶ 1.) Defendant is a resident and citizen of Texas. (See id. ¶ 2.) The parties are completely diverse.

Plaintiff alleges that the amount in controversy exceeds $75,000. (See id. ¶ 8.) "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938); see also Mass. Cas. Ins. Co. v. Harmon, 88 F.3d 415, 416 (6th Cir. 1996). The requirements of diversity jurisdiction are satisfied.

**III. Standard of Review**

Federal Rule of Civil Procedure 55(c) provides that a default judgment may be set aside in accordance with Rule 60(b).[1] Rule 60(b) permits a court to set aside a judgment under six circumstances, including: "(1) mistake, inadvertence, surprise, or excusable neglect . . . (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void . . .; or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

The decision to vacate a judgment is usually left to the court's discretion. See In re Walter, 282 F.3d 434, 440 (6th Cir. 2002). When a defendant seeks to set aside a judgment because it is void under Rule 60(b)(4), however, the court must grant the motion if it determines the judgment is void. See Burrell, 434 F.3d at 831 ("[D]enying a motion to vacate a void judgment is a per se abuse of discretion."). It may not deny the motion based on a weighing of the equities. Id.

A judgment is void under Rule 60(b)(4) only "'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with

---

[1] When the Clerk has entered default but there is not yet a default judgment, a defendant need only show "good cause" to set aside the entry of default. Fed. R. Civ. P. 55(c). Because the Clerk has entered a default judgment, the stricter requirements of Rule 60(b) apply. See Burrell v. Henderson, 434 F.3d 826, 831–32 (6th Cir. 2006).

4

due process of law.'" Antoine v. Atlas Turner, Inc., 66 F.3d 105, 108 (6th Cir. 1995) (quoting In re Edwards, 962 F.2d 641, 644 (7th Cir. 1992)). Due process requires valid service of process for a federal court to exercise personal jurisdiction over a defendant. See Friedman v. Estate of Presser, 929 F.2d 1151, 1156 (6th Cir. 1991). Consequently, "[a] judgment is void if service of process is insufficient or defective." In re Cook, 421 B.R. 446, 455 (Bankr. W.D. Tenn. 2009) (citing LSJ Inv. Co., Inc., v. O.L.D., Inc., 167 F.3d 320, 325 (6th Cir. 1999)). If a court determines a default judgment is void, it must also set aside the entry of default. See Soloway v. Huntington Nat'l Bank, No. 1:12-CV-507, 2013 WL 12122008, at *3 (W.D. Mich. June 5, 2013).

Default judgments are disfavored, and there must be "strict compliance with the legal prerequisites establishing the court's power to render the judgment." Walton v. Rogers, 860 F.2d 1081 (6th Cir. 1988). A default judgment "is a drastic step which should be resorted to only in the most extreme cases." United Coin Meter Co. v. Seaboard Coastline RR., 705 F.2d 839, 845 (6th Cir. 1983). "In general, [the Sixth Circuit's] cases discussing motions to set aside default under Rule 55(c) are extremely forgiving to the defaulted party . . . ." United States v. $22,050.00 U.S. Currency, 595 F.3d 318, 322 (6th Cir. 2010).

5

**IV. Analysis**

Under Federal Rule of Civil Procedure 4(e), a party may serve an individual by: (1) delivering a copy of the summons and complaint to the individual personally; (2) leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with a resident of suitable age and discretion; (3) delivering a copy of the summons and complaint to an agent authorized to receive service; (4) any manner of service permitted by the state where the district court is located; or (5) any manner of service permitted by the state where service is made. See Fed. R. Civ. P. 4(e). A plaintiff bears the burden of perfecting service and of demonstrating proper service. See Sawyer v. Lexington-Fayette Co., 18 F. App'x 285 (6th Cir. 2001) (citing Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996).

Defendant argues that the default judgment is void because he did not receive valid service under federal or Texas law. (See ECF No. 19 at 50; ECF No. 24 99–101.) He contends that Plaintiff's process server did not attempt service in the manner she represents in her affidavit. (See ECF No. 19 at 51.) According to Defendant, the process server merely left documents near the front door of his house after knocking on the door. (See ECF No. 24 at 100.) Alternatively, Defendant argues that service of process was invalid under Plaintiff's

version of the facts. (Id.) Defendant also contends that service was invalid because it was not at his "'dwelling house or usual place of abode . . . .'" (Id. (quoting Fed. R. Civ. P. 4(e)(2)).)

Plaintiff argues the default judgment is valid because his process server properly served Defendant under federal and Texas law. (See ECF No. 21-1 at 82—83.) Plaintiff relies on the affidavit of his process server as evidence of proper service. (Id.) Plaintiff represents that "Defendant was properly served when [Defendant's] spouse refused to accept the process and the process server left the process at [Defendant's] doorstep." (Id. at 82.)

The parties provide conflicting factual accounts of Plaintiff's alleged service on Defendant. Plaintiff represents that he hired Shanita Fobbs, a private process server, to serve process on Defendant. (See ECF No. 21-3.) In an affidavit attached to Plaintiff's response, Fobbs states that on August 15, 2018, she arrived at Defendant's work address in Arlington, Texas, and found the doors of Defendant's business locked. (Id.) Fobbs knocked on the door and a "woman named Kim answered." (Id.) The woman denied knowing Defendant. (Id.) Fobbs states the following happened next:

> I went back to my car to call my headquarters. As I was making my phone call I notice Kim and another person were

> leaving. . . . I left shortly after to make an attempt at [Defendant's] home address . . . . I pulled up in front of [Defendant's] house then Kim came out of the house screaming at me, "What do you want from me? He is not here, he is in California! He has prostate cancer." I told her to take the paperwork. She reached out her hand as if she was going to receive it, but she let it fall to the ground. She went in and locked the door. She went to her window to check if I was still there and through the window I yelled, "I am not coming into your house. I am leaving [] now, but those documents will stay there for you. [A]nd I left.

(Id.)

Defendant represents that this version of the facts is incorrect. (See ECF No. 19.) Defendant attaches a declaration by Kim Williams to his Motion. (ECF No. 19-1.) In her declaration, Williams states that she is Defendant's wife, and that she and Defendant reside in Arlington, Texas. (Id.) She declares that:

> [On] the evening of August 15, 2018, I was at my residence. I heard a knock on my door. By the time I arrived at the door, no one was there. I noticed that documents were left on my porch. . . . I have come to learn that the documents left on the porch included a complaint . . . . These documents were not handed to me by anyone or otherwise left with me personally. I do not know who left the document[s] on my porch.

(Id.)

The parties' accounts of service cannot be reconciled. On a motion to vacate a default judgment, "[a]ny doubt should be

8

resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." United Coin Meter, 705 F.2d at 846 (internal quotation marks and citations omitted); see also Dassault Systemes, SA v. Childress, 663 F.3d 832, 841 (6th Cir. 2011). The Court must construe all ambiguous or disputed facts in the light most favorable to Defendant. See INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc., 815 F.2d 391, 398 (6th Cir. 1987).

Although the Court must generally accept a defendant's facts at this juncture, a defendant's self-serving affidavit denying service is not always sufficient to counter proof of service. For example, in Audi AG & Volkswagen of America, Inc. v. Izumi, the court held that the defendant's declaration that he was out of town and found documents on his doorstep when he returned were "bare allegations [that], without more, were insufficient to establish that service was not properly effected." 204 F. Supp. 2d 1014, 1018 (E.D. Mich. 2002); see also Nolan v. City of Yonkers, 168 F.R.D. 140, 144 (S.D.N.Y. 1996) ("The mere denial of receipt of service . . . is insufficient to overcome the presumption of validity of the process server's affidavit." (citations omitted)); Greater St. Louis Constr. Laborers Welfare Fund v. Little, 182 F.R.D. 592, 595-596 (D. Mo. 1998)); Trs. of Local Union No. 727 Pension

Fund v. Perfect Parking, Inc., 126 F.R.D. 48, 52 (N.D. Ill. 1989).

Williams's declaration is self-serving and lacks corroborating details. However, the declaration was made under penalty of perjury, it purports to be based on Williams's personal knowledge, and it is not inherently implausible. (See ECF No. 19-1.) The Court must also consider the possibility that disregarding Williams's declaration would result in denying Defendant's Motion seeking to vacate the default judgment. See Am. Inst. of Certified Pub. Accountants v. Affinity Card, Inc., 8 F. Supp. 2d 372, 377 (S.D.N.Y. 1998) ("Given the courts' preference for resolution on the merits, the procedural posture is of paramount importance."). The Court has found only one case in which a court disregarded an affidavit denying service on a motion to vacate a default judgment. In Trustees of Local Union No. 727 Pension Fund v. Perfect Parking, Inc., the defendants filed affidavits disputing the plaintiffs' account of proper service. 126 F.R.D at 52. The court nonetheless denied the defendants' motion to vacate a default judgment because their evasion of service and refusal to appear after service was "grossly negligent or even willful." Id. at 53–54. The defendants "refused to accept service by certified mail, ignored personal service, ignored an unambiguous notice of a status hearing set by the court,

claimed that they never received notice of a motion for default mailed to an address supplied by defendants and at which they had previously received mail, and failed to appear at a citation to discover assets." Id. The Court cannot conclude on this record that Defendant's conduct rises to the same level.

If the Court were to disregard Williams's declaration, the Court would have to decide whether Defendant ignored valid service. A deliberate decision to ignore service may be grounds for a default judgment. See Poyner v. Erma Werke Gmbh, 618 F.2d 1186, 1192 (6th Cir. 1980). Because a default judgment is a disfavored "drastic step" and the Court must be "extremely forgiving" to Defendant, the Court should not disregard Williams's declaration. United Coin Meter, 705 F.2d at 845; $22,050.00 U.S. Currency, 595 F.3d at 322.

"A defendant's sworn denial of receipt of service . . . rebuts the presumption of proper service established by the process server's affidavit . . . ." Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 57 (2d Cir. 2002). "When the parties' accounts [of service] differ but are both inherently plausible and there is nothing in the record upon which the court can resolve the dispute," the court should resolve doubts in favor of the party seeking to vacate the default judgment. Nature's First Inc. v. Nature's First

Law, Inc., 436 F. Supp. 2d 368, 374 (D. Conn. 2006). The Court must credit Defendant's version of events.

Under Defendant's facts, Williams, Defendant's wife, heard a knock on the door of her and Defendant's home. (See ECF No. 19-1 at 60.) When she opened the door, no one was there, but she saw documents had been left on the porch. (Id.) She later learned that the documents included the complaint in this action. (Id.)

"[I]t is well-established that personal service does not require 'in hand' delivery and acceptance of the papers." See Project X Enter., Inc. v. Karam, No. 14-CV-10761, 2014 WL 3385101, at *3 (E.D. Mich. July 10, 2014) (citations omitted). If a defendant attempts to evade service by refusing to take the papers proffered to him, "it is sufficient if the server is in close proximity to the defendant, clearly communicates intent to serve court documents, and makes reasonable efforts to leave the papers with the defendant." Id. (citing Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1136 (9th Cir. 2009). Merely leaving process at or near the door of the defendant's residence is insufficient. See Project X, 2014 WL 3385101, at *3. Assuming that leaving the documents with Defendant's spouse would be sufficient, the process server and Williams were not in "close proximity" when she left the documents on Defendant's porch. The process server did not

12

"clearly communicate" that she was attempting to serve court documents. The process server's attempt at service was insufficient under federal law.

Texas law provides that "[a] defendant who does not physically accept [service] is held to have been personally served as long as the return affirmatively shows the papers were deposited in an appropriate place in his presence or near him where he is likely to find them, and he was informed of the nature of the process and that service is being attempted." Summersett v. Jaiyeola, 438 S.W.3d 84, 92 (Tex. App. 2013). The process server's return states that she "left the summons at the individual's residence or usual place of abode with Kim Williams . . . ." (ECF No. 13.) The return does not state that the process server told Williams that she was attempting service when she left the documents on the porch. Plaintiff's attempted service of Williams does not comply with Texas law. [2] See Summersett, 438 S.W.3d at 92.

Because Plaintiff has failed to effect proper service of process, the Court has no jurisdiction over Defendant. See LSJ Inv., 167 F.3d at 325. "Entry of default and default judgment must be set aside . . . where service of process was improper . . . ." Tkt-Nectir Glob. Staffing, LLC v. Managed Staffing, Inc., No. 3:18-CV-099-CHB, 2018 WL 5636163, at *2 (W.D. Ky.

---

[2] Because neither party has argued that service of process was valid under Tennessee law, the Court will not consider that issue sua sponte.

13

Oct. 31, 2018). The Court must vacate the default judgment and set aside the entry of default. Defendant's Motion is GRANTED.

The Court may grant relief under Rule 60(b) on "just terms". Fed. R. Civ. P. 60(b). Given Plaintiff's credible and apparent good faith effort to serve Defendant, this vacatur is conditioned upon Defendant's agreement to accept service on his attorney. See Nature's First, 436 F. Supp. 2d at 377 (vacating default judgment for improper service and requiring defendant to accept service on its attorney); Affinity Card, 8 F. Supp. 2d at 377 (same). That service shall be made within fourteen (14) days of the entry of this Order.

## V. Conclusion

For the foregoing reasons, Defendant's Motion is GRANTED. The default judgment is VACATED, and the entry of default is SET ASIDE. Plaintiff may serve process on Defendant's attorney within fourteen (14) days of the entry of this Order.

So ordered this 14th day of February, 2019

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE